IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 4, 2006 Session

## NORTHEAST KNOX UTILITY DISTRICT v. STANFORT CONSTRUCTION COMPANY, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 93-93-03      Wheeler A. Rosenbalm, Judge**

**No. E2005-01284-COA-R3-CV  - FILED MAY 16, 2006**

CHARLES D. SUSANO, JR., J., dissenting.

I agree with the majority's conclusion that "Stanfort had sufficient actual knowledge of its injury no later than January 13, 2000." I also agree that the second amended counterclaim cannot be saved by the relation-back doctrine found at Tenn. R. Civ. P. 15.03. I write separately to state my opinion that there are no genuine issues of material fact, which, if resolved in Stanfort's favor, would support a determination that Richard Phillips and/or Robert G. Campbell & Associates, LP, are equitably estopped from relying upon the defense of the statute of limitations.

The majority has accurately stated that portion of the broad doctrine of equitable estoppel applicable to the facts of this case:

> Statements or conduct that support an estoppel claim include representations, made prior to the expiration of the limitations period, that the defendant either would not assert a statute of limitations defense or that the dispute would be amicably resolved without filing suit.

*Ingram v. Earthman*, 993 S.W.2d 611, 633 (Tenn. Ct. App. 1998). I agree that the affidavit of Terry Fortner, Stanfort's principal, along with the July 27, 1999, letter signed by Campbell and the letter of October 7, 1999, signed by Phillips, establish, for the purpose of this summary judgment analysis, certain things: first, that Fortner had been assured, in the words of the majority opinion, "that the general contractor was *pursuing* [Stanfort's] claim for extra compensation" (emphasis mine); second, that Campbell recognized, in the words of the July 27, 1999, letter, that "[Stanfort] reserve[d] the right to file a claim for additional rock excavation, as provided by the contract documents;" and third, that the letter of October 7, 1999, indicated that Stanfort's claim for

compensation for extra rock excavation was "being evaluated" and that there was no contract requirement that the claim be resolved, one way or the other, "prior to the work being executed." My problem with the majority's conclusion that these three documents create a genuine issue of material fact is that I find nothing in them that brings this case within the rubric of **Ingram**. Neither of the letters, expressly or by implication, states that a statute of limitations will not be asserted in the event a lawsuit is filed at a later date. Furthermore, there is nothing in either which could lead one to reasonably believe "that the dispute would be amicably resolved without filing suit." Certainly, Stanfort had reason to believe that its claim for extra compensation was being considered and might be resolved short of litigation; but this is a "far cry" from the necessary factual predicate for a reasonable belief that the claim *was* going to be paid without the necessity of suit being filed.

In my judgment, the facts before the trial court, construed, as required by applicable law, in Stanfort's favor, simply do not make out a case of equitable estoppel. I would affirm the trial court's grant of summary judgment.

Accordingly, I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE